IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  08-cv-00540-WYD-BNB

JONATHAN AIN,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter arises on the defendant's **Motion for Leave to Amend Answer to Plaintiff's Second Amended Complaint and Jury Demand** [Doc. # 121, filed 10/26/2009] (the "Motion").  I held a hearing on the Motion this afternoon and made rulings on the record, which are incorporated here.

The defendant seeks to include the following defenses among those to be tried:

    a.  Sixteenth Affirmative Defense:  Ain may not bring a private cause of action against Unum for violations of Colo. Rev. Stat. § 10-3-1104(1)(h).

    b.  Seventeenth Affirmative Defense:  Ain may not seek relief under Colo. Rev. Stat. § 10-3-1116(1) because the Colorado General Assembly did not intend for Colo. Rev. Stat. § 10-3-1116 to apply to events and circumstances occurring before the statute's effective date (August 6, 2008).

    c.  Eighteenth Affirmative Defense: Retroactive application of Colo. Rev. Stat. § 10-3-1116 to Ain's cause of action violates the Colorado Constitution's prohibition against retrospective statutes.

Motion at ¶ 12.

I entered a Final Pretrial Order in this case on July 29, 2009 [Doc. # 102]. The Final Pretrial Order states:

> Hereafter, this Final Pretrial Order shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approved by the court or by an order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

Id. at Part 12. Thus, although the Motion is styled as a request to amend pleadings, it actually seeks an amendment of the Final Pretrial Order.

Factors to be considered in deciding whether to allow an amendment to a final pretrial order include (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the pretrial order. Palace Exploration Co. v. Petroleum Development Co., 316 F.3d 1110, 1117 (10th Cir. 2003).

After weighing these factors, and for the reasons stated on the record at the hearing:

IT IS ORDERED that the Motion is GRANTED. The Final Pretrial Order is amended to include the defendant's Sixteenth, Seventeenth, and Eighteenth affirmative defenses.

Dated November 17, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge